United States District Court
Southern District of Texas
**ENTERED**
May 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALETA RENEE CHAPMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-24-03260 |
| § | |
| SELENE FINANCE LP, and U.S. Bank § | |
| Trust National Association, Trustee for § | |
| RCF 2 Acquisition Trust, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Aleta Renee Chapman defaulted on her mortgage debt and sues to avoid foreclosure and eviction. Representing herself, she asserts claims for wrongful foreclosure, breach of contract, and violations of the Fair Debt Collection Practices Act. (Docket Entry No. 9). She seeks an injunction against foreclosure and eviction; a declaratory judgment that the assignments of the deed of trust on her mortgaged property are void; and a judgment quieting title in her favor. (*Id*. at 22). She also seeks damages. The mortgage lender and servicer, Selene Finance and U.S. Bank Trust, N.A., have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 20). Based on the pleadings; the motion, response, and reply; the record, and the applicable law, the court grants the motion to dismiss, with prejudice because amendment would be futile. The reasons for this ruling are set out below.

Ms. Chapman took out a loan to purchase the property at issue in July 2002. She refinanced her loan by executing a $126,200 Note in November 2004, payable to Countrywide Home Loans, Inc. (Docket Entry No. 9 at 7; Docket Entry No. 20-1). She also executed a Deed of Trust. (*Id*.; Docket Entry No. 20-1). The defendants attached these documents to their motion. (Docket Entry Nos. 20-1, 20-2). The defendants also attached the judgment that resulted from the adversary

action Ms. Chapman filed in the bankruptcy court in the Southern District of Texas in Case No. 13-31039. (Docket Entry No. 20-9). That final judgment was affirmed on appeal from the bankruptcy court to the district court. (Docket Entry No. 20-10).

Ms. Chapman filed for bankruptcy in February 2013 and filed an adversary action against the mortgage loan servicer, Green Tree Servicing, LLC. (Docket Entry Nos. 20-3, 20-4). In March 2014, Ms. Chapman filed an amended complaint to determine the "validity, priority or extent" of Green Tree's lien and a request for a declaratory judgment. (Docket Entry No. 20-5). In the adversary proceeding, Ms. Chapman added as defendants the Bank of America and Fannie Mae. (*Id*.). Ms. Chapman alleged that the debt under the note was unsecured because the deed of trust had not been recorded in the county records. (*Id*.).

In May 2015, while the adversary proceeding was pending, MERS executed a Corrective Assignment of Deed of Trust, assigning the Deed to the Bank of America. (Docket Entry No. 20-6). In May 2015, the Bank of America assigned the Deed to Green Tree. (Docket Entry No. 20-7). These corrective assignments were recorded in the proper county records. The corrective assignments, showing the assignment from MERS to the Bank of America, and from the Bank to Green Tree, were admitted into evidence in the Adversary Action trial in the bankruptcy court. (Docket Entry No. 20-8).

In June 2015, the bankruptcy court entered judgment in the adversary action, finding that Green Tree, as the loan servicer for Fannie Mae, held a valid Deed of Trust securing the November 2004 Note secured by Ms. Chapman's real property. (Docket Entry No. 20-9). This judgment was affirmed in the district court in December 2015. (Docket Entry No. 20-10).

In April 2020, the Deed of Trust was filed in the public records of Fort Bend County, Texas, along with the June 2015 judgment. (Docket Entry No. 20-11). In February 2021, Green Tree

assigned the Deed of Trust to NewRez LLC, d/b/a Shellpoint Mortgage Servicing. (Docket Entry No. 20-12). This assignment was also filed in the Fort Bend County records. (*Id.*). In May 2022, Shellpoint assigned the Deed of Trust to U.S. Bank Trust National Association, as owner trustee for RCF 2 Acquisition Trust. (Docket Entry No. 20-13). The Trustee is the assignee of the Deed of Trust.

In October 2021, Ms. Chapman sued Shellpoint. (Docket Entry No. 20-14). After the case was removed to federal court, she added the Trustee and Selene as defendants. (*Id.*). The claims Ms. Chapman raised and which were dismissed as without merit were for a declaratory judgment that the defendants had no authority or standing to foreclose, a declaratory judgment as to which parties had a legal and equitable interest in the property, and claims for slander of title, breach of contract, and civil conspiracy. (*Id.*; Docket Entry Nos. 20-15, 20-16, 20-18, 20-19). After Shellpoint moved for summary judgment, the court granted the motion, dismissing Ms. Chapman's lawsuit with prejudice and entered final judgment against Ms. Chapman on all claims. (Docket Entry Nos. 20-17, 20-20, 20-21, 20-22). In July 2024, the property at issue was sold at foreclosure to the Trustee. (Docket Entry No. 20 at 18).

In this lawsuit, Ms. Chapman repeats many of the allegations that she has made before, without success. She alleges that the assignments of the Deed of Trust were defective, that the Deed was never properly recorded, and that no original documents or a lien in favor of Countrywide were recorded. She alleges that the loan was placed in default and accelerated before June 2015; that the defendants are not holders of the Note and cannot foreclose; that the loan was transformed into a judgment lien and cannot be a mortgage lien; and that she recorded a notice of lis pendens in June 2024.

Ms. Chapman cannot continue to reassert the same claims against the same parties or those in private with them, that have previously been adjudicated. These claims are precluded. The Trustee and Selene are in privity with Green Tree and were both defendants in Ms. Chapman's 2021 lawsuit. The parties to that suit and the present action are identical for the purpose of preclusion. *See Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997) (a prior federal court judgment is preclusive of a second case if both cases have identical parties and the same causes of action, there was jurisdiction for earlier judgment, and the earlier judgment was final and, on the merits). The courts that entered the 2015 judgment and the 2023 judgment had jurisdiction to do so. Those courts entered final judgments on the merits. The prior actions and this case all involve the validity of the Deed of Trust and the assignments. Ms. Chapman raised the same claims and arguments in the prior cases as she does here. These claims and arguments all share the same nucleus of operative facts. The claims and arguments Ms. Chapman raises in this case either were, or could have been, raised by her in the adversary action or the 2021 lawsuit. Her claims for wrongful foreclosure, breach of contract, violations of the FDCPA, declaratory relief, injunctive relief, slander of title, and civil conspiracy are all barred, as a matter of law.

The final, somewhat ironic point, is that despite the years of litigation, and Ms. Chapman's claim of wrongful foreclosure, Ms. Chapman is still in possession of the property. There is no evidence of a grossly inadequate selling price, as required for a claim of wrongful foreclosure. *See BAC Home Loans Servicing, LP v. Texas Realty Holdings, LLC*, 901 F. Supp. 2d 884 (S.D. Tex. 2012) ("Wrongful foreclosure results from 'a defect in the foreclosure sale proceedings' that causes 'a grossly inadequate selling price.'") (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008, no pet.)). Finally, Ms. Chapman's allegation that she did not receive notice does not establish a right to the relief she seeks. *Thompson v. Bank of*

*Am., N.A.*, 13 F.Supp.3d 636, 645 (N.D. Tex. 2014), *aff'd sub nom. Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022 (5th Circuit. 2015). The quiet title claim, raised only in the brief opposing the motion to dismiss, but not the complaint, does not provide a basis for relief. The court denies Ms. Chapman leave to amend to add this claim, because the amendment would be futile.

None of Ms. Chapman's claims can proceed, and none justify the relief she seeks. The motion to dismiss is granted. (Docket Entry No. 20). This case is dismissed, with prejudice. Final judgment is separately entered.

SIGNED on May 15, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge